[No. 7042.   Decided January 17, 1908.]

# G. H. STILES, *Appellant*, v. J. M. SIMPSON *et al.*, *Respondents.*[1]

CONTRACTS — ASSENT — FRAUD — EVIDENCE— SUFFICIENCY.  A contract of employment should not be set aside, one year after it was made, on the ground that it was induced by false representations, where the plaintiff was a competent business man of varied experience, no fiduciary relations existed between the parties, and no undue influence was used to induce the contract, but the venture simply did not prove as profitable as expected, and the plaintiff's property sold to the defendant had increased in value.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 4, 1907, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*J. P. Perkins* and *Hamblen, Lund & Gilbert,* for appellant. *Horace Kimball* and *Belt & Powell,* for respondents.

PER CURIAM.——The appellant and respondent J. M. Simpson entered into a contract, in the month of November, 1904, by which appellant, for a stipulated consideration, was admitted to the office of the respondent as a student, with certain duties to perform, and under the terms of which he was to receive certain compensation.   It is not necessary to reproduce the long contract here.   After remaining in the office for nearly a year under the terms of the contract, the appellant brought this action to obtain relief from an alleged fraud, alleged to have been practiced upon him by respondent by means of false representations by which he, appellant, was induced to enter into the contract.   The case was placed at issue by answer and reply, and was tried before a judge without a jury.   Upon the conclusion of the testimony, the court

[1]Reported in 93 Pac. 1135.

announced that he was of the opinion that plaintiff had failed to prove the allegations of his complaint, and had failed to prove or show that defendant was guilty of any fraud, misrepresentation, or overreaching in the matter of the contract and transactions between plaintiff and defendant, or that plaintiff was entitled to any relief whatever. The action was dismissed. From the judgment dismissing the case, this appeal is taken.

A careful perusal of all the testimony convinces us that the conclusion by the trial judge was entirely justified. The appellant was in the prime of life, a man of education and varied experience, and was in reality what might be termed a trading man, and there were no fiduciary relations existing between him and the respondent, and it does not appear that any undue influence whatever was brought to bear upon him to induce him to execute the contract, or for that matter that it was an unconscionable contract. About all that can be said was that the venture did not prove as profitable as he had hoped, while on the other hand, the property which he had sold to respondent had increased in value beyond his calculations.

Without any extensive analysis of the testimony, we are satisfied that the appellant signally failed to establish the material allegations of his complaint, and the judgment of the trial court is affirmed.